UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KENNETH HAROLD MUNSON )
)
*Plaintiff*, )
) Case No: 4:16-cv-100
v. )
) Judges Reeves/Steger
NANCY A. BERRYHILL )
Acting Commissioner of Social Security )
)
*Defendant*. )

## REPORT AND RECOMMENDATION

This case is before the undersigned under 28 U.S.C. § 636(b), Rule 72(b) of the *Federal Rules of Civil Procedure*, and the Rules of this Court for a report and recommendation regarding the disposition of Plaintiff's Motion for Summary Judgment [Doc. 18] and Defendant's Motion for Summary Judgment [Doc. 20]. Kenneth Munson ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner of Social Security ("Commissioner").

For the reasons that follow, the Court will recommend that the Plaintiff's motion be **DENIED**, that the Commissioner's motion be **GRANTED**, and that judgment be entered **AFFIRMING** the Commissioner's decision.

### I. Procedural History

In October 2014, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434, alleging disability as of June 29, 2012, from back and neck complications as well as anxiety and depression (Tr. 167). Plaintiff's claims were denied initially (Tr. 92) as well as on reconsideration (Tr. 101).

1

Due to these denials, Plaintiff requested a hearing before an administrative law judge (Tr. 106).

In May 2015, ALJ Carey Jobe heard testimony from Plaintiff and a vocational expert, as well as argument from Plaintiff's attorney (Tr. 35-36). The ALJ then rendered his decision in June 2015, finding that Plaintiff was not under a "disability" as defined in the Act (Tr. 17-28).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review his denial; however, they rejected his request for review (Tr. 1-4). Plaintiff has thus exhausted his administrative remedies, and the ALJ's decision stands as the "final decision" of the Commissioner subject to judicial review. 42 U.S.C. §§ 405(g) and 1383(c)(3).

Having been through the administrative process, Plaintiff filed his Complaint on December 12, 2016, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1, PageID #: 1-2]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     Findings by the ALJ

In his decision, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2016.

2. Plaintiff had not engaged in substantial gainful activity since June 29, 2012, his alleged onset date (20 C.F.R. 404.1571 *et seq.*).

3. Plaintiff has the following severe impairments: Degenerative Disc Disease of the cervical and lumbar spine; Degenerative Joint Disease of the right shoulder; Cognitive Disorder; Major Depression and Anxiety (20 C.F.R. 404.1520(c)).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526)).

5. Absent certain limitations, Plaintiff retained the residual-function capacity to perform light work as defined in 20 CFR 404.1567(b).

2

6. Plaintiff is unable to perform any past relevant work (20 C.F.R. 404.1565).

7. Plaintiff was born on February 25, 1964, and was 48 years old, which is defined as a younger individual (age 18-49) on the alleged disability onset date (20 C.F.R. 404.1563).

8. Plaintiff has at least a high school education and can communicate in English (20 C.F.R. 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform (20 C.F.R. 404.1569 and 404.1569(a)).

11. The Plaintiff has not been under a disability, as defined in the Social Security Act, from June 29, 2012, through the date of this decision (20 C.F.R. 404.1520(g)).

(Tr. at 17-28).

### III.     Standard of Review

When reviewing the Commissioner's determination of whether an individual is disabled under § 405(g), the Court is limited to determining whether substantial evidence supports the ALJ's findings; whether the ALJ's decision was reached through application of the correct legal standards; and whether the decision was made in accordance with the procedure authorized by the regulations and rulings promulgated by the Commissioner. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This Court will therefore not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, plaintiffs "bear[ ] the burden of proving [their] entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

**IV.     Analysis**

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 20 C.F.R. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

4

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *see* 20 C.F.R. § 404.1505(a). Disability is evaluated according to a five-step analysis summarized as follows:

1. If the claimant is engaging in substantial gainful activity he is not disabled;

2. If the claimant does not have a severe impairment he is not disabled;

3. If the claimant's impairment meets or equals a listed impairment he is disabled;

4. If the claimant is capable of returning to work he has done in the past he is not disabled;

5. If the claimant can do other work that exists in significant numbers in the regional or the national economy he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps; however, the burden shifts to the Commissioner at step five to prove that there is work available in the national economy that the claimant could perform. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

In the present case, Plaintiff asserts that the ALJ committed two reversible errors. First, Plaintiff argues that the ALJ failed to properly evaluate the medical evidence, including not giving controlling weight to his provider [Doc. 19]. Second, Plaintiff contends that the ALJ misapplied the factors "under the *Duncan* test and C.F.R. § 404.1529." *Id.*

### A. The Court will not second-guess issues of credibility.

Beginning with Plaintiff's second argument, in *Duncan v. Secretary of Health and Human Services*, our appellate court articulated the following standard for evaluating subjective

5

complaints:

> First, we examine whether there is objective medical evidence in an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d 847, 853 (6th Cir. 1986). Whether the objective evidence confirms the severity of the alleged pain or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain, the ALJ must consider the following factors: (i) daily activities; (ii) the location, frequency, and intensity of the pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) treatment, other than medication, received or have received for relief of pain or other symptoms; (vi) any measures that are used or were used to relieve pain or other symptoms; (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (citing 20 C.F.R. § 1529(c)(4)).

The ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. Those findings, however, must be supported by substantial evidence. *Id.* Finally, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

In relying solely upon Dr. Robert Hall's assessment, Plaintiff first contends that the ALJ

6

erred in determining that Plaintiff's condition improved with physical therapy [Doc.19, PageID #: 529-31]. In contrast to Dr. Hall's opinion, however, the record shows that Plaintiff responded positively to physical therapy. For instance, in September 2012, it was noted that Plaintiff had "progressed well" with physical therapy and continued to report "no significant issues" with his back (Tr. 262).

Plaintiff also contests the ALJ's finding of "little significant worsening" as an improper evaluation of Plaintiff's MRI scans [Doc. 19, PageID #: 532 (referencing Tr. 26)]. In reviewing the images from February 2011 through July 2014, the image reports of Plaintiff's back contain descriptions such as "mild," "small," "minimal," and "moderate" (Tr. 270-72, 319-21, 355-56). While Plaintiff's condition does appear to have worsened over time, a change from "mild" to "moderate" is not inconsistent with the ALJ's finding. *See id.*

Plaintiff further disputes the ALJ's reliance on an April 25, 2015, treatment note from Nurse Practitioner Kristen McBay. [Doc. 19, at PageID #: 532-33]. Relying upon that note, the ALJ opined that Plaintiff's "medication help[ed] him to tolerate his pain" (Tr. 25). In reviewing that specific instance, Plaintiff presented for a refill of hydrocodone and valium as well as treatment for a sore throat (Tr. 366). Nurse Practitioner McBay noted that Plaintiff's back pain was worse when he did not take his medication, but the medication helped relieve his symptoms when he took it. *Id.* Reviewing the progress notes within the context of the entire record, in combination with Plaintiff's statements that medication helped relieve his symptoms, the Court finds that Plaintiff's complaint relates to a credibility finding by the ALJ. The Court is not prepared to overturn the ALJ's finding with respect to credibility. *See Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical

7

reports, claimant's testimony, and other evidence."). *See also Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (upholding a denial of benefits when the "medical evidence reflected that appellant's impairments were controlled with medication and were not seriously disabling.").

In summary, the Court finds that the ALJ gave numerous reasons, supported by the record, for determining that the Plaintiff's subjective allegations were not entirely credible. The Court further finds that substantial evidence supports the ALJ's overall credibility determination. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted); *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

### B. The ALJ gave adequate deference to Plaintiff's treating provider

Plaintiff also disputes the weight that the ALJ assigned to Plaintiff's treating provider, Dr. Robert Hall, Jr., as compared to that assigned to Dr. James Millis, a non-treating provider [Doc. 19, PageID #: 521-28]; (Tr. 22-23).

If a treating physician's opinion as to the nature and severity of impairment is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) is not inconsistent with the other substantial evidence in the case record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). When an opinion does not garner controlling weight, the appropriate weight will be determined based upon the length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that

supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. § 404.1527(c)(1)-(6).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in their decision. § 404.1527(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). Yet he ultimate decision of disability rests with the ALJ. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 992 (6th Cir. 2007).

Plaintiff disputes the ALJ's application of the § 404.1527 factors to Dr. Millis' assessment against that of Dr. Hall's. The Court finds this argument to be without merit. Though the regulations mandate the ALJ to consider the § 404.1527 factors, they only require that the ALJ's decision include good reasons for the weight given to the provider's opinion – a factor-by-factor analysis is not necessary. *See Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011) (rejecting a plaintiff's argument that the ALJ failed to consider two factors under § 404.1527). In fact, the discrepancy between the opinions of Drs. Millis and Hall is tangential to this Court's review of the entire record in determining substantial evidence. *See Jones v. Sec'y, Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (noting that courts "must examine the entire records to determine if the (ALJ's) findings are supported by substantial evidence.") (citation omitted).

9

In his decision, the ALJ noted that Dr. Millis, a state-agency medical consultant, opined that Plaintiff "could perform the full range light exertional activity lifting or carrying up to 20 pounds occasionally and up to 10 pounds frequently" (Tr. 22). Dr. Millis also listed that Plaintiff "could sit, stand or walk, with normal breaks, for about 6 hours out of an 8-hour workday, and pushing or pulling was unlimited, other than what was shown for lifting or carrying." *Id.* The ALJ, in relying upon MRI scans of Plaintiff's shoulder, limited Plaintiff to no overhead reaching with his right arm. *Id.* The ALJ provided Plaintiff with "a sit or stand option at 30-minute to 1-hour intervals and limited him to no more than occasional postural activity" (*Id.*) The ALJ further stated that Plaintiff's pain medication could affect his concentration and hazard awareness. (*Id.*) The ALJ limited Plaintiff from "climbing any ladders, ropes, and scaffolds and he is to avoid concentrated exposure to workplace hazards." (*Id.*) The ALJ noted that Plaintiff's condition "would not require excessive work absences or being off-task frequently." (*Id.*) The ALJ ultimately assigned partial weight[1] to Dr. Millis' assessment that Plaintiff could perform light-exertional activity. (*Id.*)

In contrast to assigning partial weight to Dr. Millis' opinion, the ALJ gave only minimal weight to Dr. Hall's assessment even though Hall treated Plaintiff from July 1, 2006 (*Id.* at 303) until October 24, 2012 (*Id.* at 274). (*Id.* at 24). During that timeframe, Dr. Hall performed several surgeries upon Plaintiff in addition to administering steroid injections for his pain (*See id.* at 276, 304-05). In an August 2014 medical-source statement, Dr. Hall diagnosed Plaintiff with

---

[1] Plaintiff contends that "the ALJ gave partial weight, and it is submitted the greatest weight to Dr. Millis' assessment" [Pl.'s Br., Doc. 19, at PageID #: 521]. Additionally, Plaintiff states that the ALJ gave "Dr. Millis' opinion significant weight . . . ." *Id.* But this contention is not accurate. The ALJ only afforded partial weight to Dr. Millis' assessment (Tr. 22) and afforded great weight to Dr. Joslin's assessment (Tr. 22) and significant weight to Dr. Henrich's opinion (Tr. 23).

10

chronic neck and back pain as well as a superior-labrum-anterior-and-posterior tear in the right shoulder (*Id.* at 23). Dr. Hall opined that Plaintiff "could only sit for 20 minutes at a time for a total of about 2 hours out of an 8-hour workday, and he could stand for only 5 minutes at a time for a total of about 2 hours out of an 8-hour workday" (*Id.*). Dr. Hall also stated that Plaintiff "would need to take unscheduled breaks one to two times a day for about 10 minutes at a time" (*Id.*). Dr. Hall further opined that, due to his impairments, Plaintiff "could miss more than three days of work per month" (*Id.* at 22-23).

In assigning minimal weight to Dr. Hall, the ALJ determined that Dr. Hall was not a "treating physician" (*Id.* at 24). The regulations state that the nature and extent of a treating relationship are relevant to the weight given to a physician's opinion. *See* 20 C.F.R. §§ 404.1527(C)(2)(i), 416.927(C)(2)(i). One facet is that a treating provider is one who sees a claimant with a frequency consistent with accepted medical practice for the claimant's medical condition. 20 C.F.R. §§ 404.1502, 416.902. Here, the ALJ found it significant that Dr. Hall formulated his opinions in 2014 even though he had not treated Plaintiff since 2012 (Tr. 24).

Plaintiff also points out that the ALJ wrongly listed that Dr. Hall had last seen Plaintiff in June 2012 (Tr. 23) instead of October 2012 (Tr. 274) [Doc. 19, at PageID #: 523]. But the Court is not persuaded by Plaintiff's reasoning. In fact, Plaintiff has failed to proffer any explanation as to how a 4-month period would make a difference in the ALJ's assignment of minimal weight to Dr. Hall's opinion in light of the entire record. Nor has he demonstrated how how the 4-month period impacts this Court's determination of substantial evidence. *See Jones*, 945 F.2d at 1369; *Garner*, 745 F.2d at 387.

Even if Dr. Hall were to be deemed a "treating physician," the ALJ ruled that Dr. Hall's

11

assessment was "inconsistent with the medical records as a whole and inconsistent with subsequent records" (*Id.* at 24 (referencing Ex. 13F)). In particular, the ALJ indicated that Plaintiff's "pain was usually controlled on medications, and by his own statements[,] that his medications helped with pain" (*Id.*). The ALJ also noted that Dr. Hall had not treated Plaintiff since June 2012, "over two years prior to his medical source statement, which significantly affects the weigh[t] given" (*Id.*) The ALJ concluded that "minimal weight was given in adding additional non-exertional limitations to the claimant's light residual functional capacity." (*Id.*) Overall, the ALJ did not err in his decision not to give Dr. Hall's opinion controlling weight since it was "inconsistent with the medical records as a whole and inconsistent with subsequent records . . . ." (Tr. 24). *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (holding that "the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence") (internal quotation marks and alteration omitted); *Jones*, 945 F.2d at 1370 n. 7 (stating that only a treating physician's uncontradicted opinion is entitled to complete deference).

In short, the treating-provider rule is not "a procrustean bed, requiring . . . arbitrary conformity at all times." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). And, although Dr. Hall did treat Plaintiff, the ALJ was justified in giving only partial weight to Dr. Hall's assessment, and in assigning a higher weight to Dr. Millis' opinion.

## V. Conclusion

In closing, it is **RECOMMENDED**[2] that the Plaintiff's Motion for Summary Judgment [Doc. 18] be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 20] be **GRANTED**, and judgment be **ENTERED** affirming the Commissioner's decision.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "(T)he district court need not provide *de novo* review where objections (to the Report and Recommendation) are '(f)rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).